# Wendt *versus* Craig and Blanchard.

1. Although logs be voluntarily put loose into the rivers Susquehanna, &c., they cannot be forfeited to a captor under the Acts of March 20th 1812 and December 11th 1866, without notice to the owner.

2. The forfeiture under those acts being penal must be strictly enforced by pursuing the legal mode.

3. The mere retention by the captor during the time prescribed for paying the salvage is not notice and does not *ipso facto*, vest property in him by way of absolute forfeiture.

February 6th 1871.    Before THOMPSON, C. J., AGNEW, SHARS-WOOD and WILLIAMS, JJ.    READ, J., at Nisi Prius.

Error to the Court of Common Pleas of *Snyder county*: No. 281, to January Term 1870.

This was an action of replevin for a quantity of lumber, brought May 6th 1869 by John Craig and Charles Blanchard, trading as Craig & Blanchard, against John Wendt.

The sheriff returned that he had replevied 179 logs and 1752 feet of boards which had been claimed by the defendant as his property and a claim property bond given by him.

The following facts were agreed upon in a case stated:—

"During the spring and summer of 1868, the defendant took up the logs, described in said writ, whilst they were floating loosely upon the waters of the Susquehanna river, below the town of Northumberland, and not under the personal charge of any one upon them; but were being driven over and upon the waters of the said river by the plaintiffs in the mode or manner that logs are usually floated upon the West Branch of the Susquehanna river, and other rivers, with the intention of driving said logs to their mills in the state of Maryland. . The defendant, after stopping, or taking up said logs, took them to his saw-mill and sawed them up at his mill in Snyder county, Pennsylvania. These logs, at the time they were taken up by the defendant, were owned by the plaintiffs, and they were caught and secured by the defendant as aforesaid, under the authority contained in an Act of Assembly of Pennsylvania, approved December 11th 1866, entitled "An Act declaratory of the law relating to taking up lumber, &c." No list of said logs, or any of them, with the marks on the

[Wendt v. Craig.]

same, was at any time lodged by the defendant with any justice of the peace of said county, or any other county; and no advertisement was made thereof as required by the provisions of the 1st section of the Act of Assembly of the 20th of March, A. D. 1812, and the supplements thereto; plaintiffs have not paid, or at any time offered to pay the defendant the salvage of 50 cents per log, as provided by said Act of Assembly. The defendant retained said logs in his possession two months prior to the issuing of said writ of replevin.

"If the court should be of opinion that the plaintiffs are entitled to recover from the defendant for the taking and detention of the logs above described, and replevied as aforesaid, then judgment to be entered for the plaintiffs in this case for the sum of $500; but if not, judgment to be entered for the defendant."

The court (Woods, P. J.) entered judgment for the plaintiffs on the case stated for $500, which on the removal of the case to the Supreme Court by the defendant was assigned for error.

The Act of March 20th 1812, 5 Sm. Laws 335, Purd. 613, pl. 9, enacts that when any logs, &c., which may be put into the Susquehanna and other rivers may be taken up floating down those streams, it shall be the duty of the persons so taking up such logs, &c., to lodge a list subscribed by him within thirty days with the nearest justice of the peace of the number, quantity and quality of the logs, &c., with the marks on the same. The justice is required to enter this list on his docket and publish it for three weeks, and if the owner shall take the lumber away within three weeks after the publication, it shall be forfeited to the captor. A penalty is imposed on persons taking up logs, &c., and not complying with the provisions of the act.

The Act of December 11th 1866, Pamph. L. (1867) 1366, Purd. 1468, enacts:—

"Sect. 1. That it is hereby declared to be the true intent and meaning of the 1st section of the act, entitled, 'An Act to regulate the taking up of lumber in the rivers Susquehanna,' &c., approved the 20th day of March 1812; that any saw-logs may be taken up under the provisions of said section, whether the same be put into the said stream intentionally or otherwise, and whether the same be floated intentionally or otherwise, the true intent and meaning thereof being, that no saw-logs may be floated or driven therein, unless rafted, and under the pilotage and control of men. And that all saw-logs, not so rafted, and under the pilotage and control of men, shall and may be taken up, under the provisions thereof: Provided, that this section shall only apply to the Susquehanna river, between the town of Northumberland and the line of the state of Maryland; and the person or persons taking up any of said saw-logs so floating, shall be entitled to

[Wendt *v.* Craig.]

receive from the owners thereof, fifty cents for each log before delivering up the same."

" Sect. 2. It shall not be lawful for any person or persons, &c., to float, &c., down the Susquehanna river, between the town of Northumberland and the line of the state of Maryland, any saw-log without the same being rafted and joined together, or enclosed in boats, and under the control, supervision and pilotage of men, specially placed in charge of the same, and actually thereon; and any person or persons may take up the said saw-logs, or any of them, if they be found floating loose in said stream, and not under the personal charge of some one upon the same, and shall have the right to hold and possess the same against all persons whatsoever: Provided, that if the owner or owners of said saw-logs, or their agents, shall appear and demand the same from the captor or captors, and shall and do pay therefor to the said captor or captors, fifty cents for each log within two months of the date of their being so taken up, it shall be the duty of the captor or captors to deliver over said logs to the owner or owners; but if no such owner, or his or their agents, shall appear within said time, and pay or offer to pay to the said captor or captors the said salvage-money, the said saw-logs shall be absolutely forfeited to, and become the property of the said captor or captors: And provided further, that this act shall not apply to saw-logs now lying in said stream, nor to any case in which, by reason of high water, or from any other casualty, said saw-logs may be swept out of the West Branch and Susquehanna booms."

" Sect. 3. All laws and parts of laws, inconsistent with the provisions of this act, shall be and the same are hereby repealed."

*S. Thompson* and *S. P. Wolverton*, for plaintiffs in error.—The Act of 1866 is constitutional, being for regulating the navigation: Flanigan *v.* Philadelphia, 6 Wright 232; Willson *v.* Blackbird Creek Marsh Co., 2 Peters 250; Works *v.* Junction Railroad, 5 McLean 825; Columbus Ins. Co., 6 Id. 70; Jolly *v.* Terre Haute Drawbridge Co., Id. 257; Scott *v.* Wilson, 3 N. H. 321.

*A. C. Simpson* and *S. Linn*, for defendants in error, cited Hynicka *v.* Smith, 2 Casey 499; Etter *v.* Edwards, 4 Watts 63.

The opinion of the court was delivered, February 27th 1871, by Agnew, J.—This case is ruled by the decision in Craig & Blanchard *v.* Kline, decided last May at Harrisburg, 15 P. F. Smith 399. It was there held that the provisions of the first section of the Act of 20th March 1812, in regard to lodging a list of the logs taken up with the nearest justice of the peace, and giving notice by advertisement, &c., were still, in force, and were necessary to exempt the Act of 11th December 1866, from

[Wendt *v.* Craig.]

the charge of unconstitutionality, which would result from the infliction of a forfeiture of property without notice. The law is extremely penal in its character, and though on the principle decided in Van Swartow *v.* The Commonwealth, 12 Harris 131, it is not within the provision of the Constitution as to a right of trial by a jury, it is obnoxious to that section in the Bill of Rights which guaranties the right of private property, unless deprived of it by the judgment of a jury *or the law of the land,* viz., due process of law, as the latter expression means. It is argued, however, that as the plaintiffs *voluntarily* sent their logs adrift, to be floated on the river Susquehanna below Northumberland, contrary to the prohibition of the Act of 1866, the forfeiture was a necessary consequence of their voluntary act, and cannot now be disputed. But this would exclude the plaintiffs as owners of the logs, from all the benefits of notice, which would enable them to pay the salvage-money and regain their property. If the right of property has vested by forfeiture in the defendants absolutely, it is a defence to the action of replevin, and the plaintiffs must lose their property, without the opportunity which the Acts of 1812 and 1866 give for a redemption before absolute forfeiture takes place. The forfeiture being penal in its nature, must be strictly enforced, by pursuing the legal mode to secure it. It is impossible for the owners to appear and demand the logs and pay to the captors the salvage-money within the time prescribed in the act, unless they have notice who the captor is and where the logs are. It cannot be assumed in the action of replevin that the owners would not have redeemed, if they had had notice. The mere retention of the property in the possession of the defendants during the period prescribed for payment of the salvage-money, is not notice within the law, and does not *ipso facto* vest property in them by way of absolute forfeiture.

The judgment is therefore affirmed.